[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Valerie Allen, filed a single count complaint on March 12, 1999, alleging that the defendants, John Doe and Transportation General d/b/a Metro Taxi, operated a taxi cab, in which the plaintiff was a passenger, in a negligent manner. The plaintiff further alleges that due to the defendants' actions she suffered extensive injuries to her upper body.
On March 3, 1999, F. Patrick O'Sullivan, Esq. accepted service of process for his client, defendant Transportation General, and for John Doe. On April 5, 1999, Attorney O'Sullivan filed an appearance on behalf of Transportation General only. On April 27, 1999, Attorney O'Sullivan, on behalf of both John Doe and Transportation General, filed a motion to dismiss the plaintiff's complaint against the defendant John Doe on the ground that the plaintiff failed to properly serve process on the defendant John Doe. Further, in an affidavit accompanying the motion to dismiss, Attorney O'Sullivan avers that he is not the agent of John Doe and never intended to accept process for John Doe and that the sheriff's return incorrectly states that Attorney O'Sullivan accepted service.
As required by Practice Book § 10-31 (formerly § 143), the defendant, Transportation General, filed a memorandum in support of its motion to dismiss along with the affidavit of Attorney O'Sullivan. The plaintiff did not file a memorandum in opposition to the defendant's motion to dismiss.
"The grounds which may be asserted in [a] motion [to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack CT Page 11997 of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31. "The Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." Kimv. Magnotta, 249 Conn. 94, 101-102, ___ A.2d ___ (1999).
Attorney O'Sullivan argues in the memorandum in support of the motion to dismiss that the "court lacks jurisdiction over the alleged defendant "John Doe', due to insufficient service of process upon him." It further argues that "there has been no service of process upon "John Doe", since it is obvious that he is a fictitious person.
This court finds the use of a fictitious name by the plaintiff in identifying the defendant John Doe is not in accordance with Connecticut law. The Superior Court in Brock v.A-1 Auto Service, Inc., 45 Conn. Sup. 525, 528-530, 728 A.2d 1167
(1998) held that "[o]ur Supreme Court has stated that this requirement [of describing the parties in a civil writ of summons] "presumably' refers to a description of the parties by their real names, so that they may be identified. . . . The writ must identify the parties — particularly the parties being sued — for the litigation to even exist. . . . The majority of courts considering this issue have held that jurisdiction to sue unknown or fictitious persons must be obtained pursuant to some express rule or statute." (Citations omitted; internal quotation marks omitted.) "Connecticut has no such express statute or rule." Id.
Further, the superior court in Tremblay v. Webster, Superior Court, judicial district of New London at New London, Docket No. 530898 (February 23, 1995, Hurley, J.), held that "[i]n order to protect the rights of the unknown defendants, . . . the court stated [the defendants] must have actual notice of the institution of the action, know they are proper defendants, and not be misled or prejudiced by the use of the fictitious name."
The plaintiff acknowledges that John Doe is a fictitious name for the defendant taxi cab driver. Further, there is no applicable rule or statute that would render jurisdiction to the plaintiff to sue an unknown or fictitious person. See Bellino v.Department of Correction John Does (S), Superior Court, judicial district of New Haven at New Haven, Docket No. 379427 (August 7, CT Page 11998 1996, Zoarski, STR). Finally, the defendant John Doe did not have actual notice of the institution of the action, nor did he know that he was a proper defendant, and he will likely be prejudiced by the use of this fictitious name due to his lack of notice. Ordinarily this would lead to a dismissal, but in the present case, Attorney O'Sullivan did not file an appearance for `John Doe' and as a result lacks the authority to act on John Doe's behalf.
Connecticut Practice Book § 3-7(a) requires that "[e]xcept by leave of the judicial authority, no attorney shall be permitted to appear in court or to be heard in behalf of a party until the attorney's appearance has been entered." See alsoJones v. Ippoliti, 52 Conn. App. 199, 211, 727 A.2d 713 (1999).
Unlike the circumstances in Brock v. A-1 Auto Service Inc., supra, 45 Conn. Sup. 525, wherein counsel filed an appearance for A-1 Auto Service, Inc. and John Doe, Attorney O'Sullivan did not file an appearance on behalf of the defendant John Doe. Further, Attorney O'Sullivan's appearance limited his representation only to the defendant Transportation General. Therefore, Attorney O'Sullivan is not permitted to bring the aforementioned motion to dismiss on behalf of the defendant John Doe.
In conclusion, assuming that the plaintiff did have jurisdiction, Connecticut Practice Book § 3-7(a) does not permit Attorney O'Sullivan to file the challenged motion to dismiss because he has not filed an appearance on behalf of the defendant John Doe. Therefore, the motion to dismiss the plaintiff's claim against the defendant John Doe is denied.
Howard F. Zoarski Judge Trial Referee